UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSHUA WHITE, <br> TDCJ #01660955, <br><br> Petitioner, <br> VS. <br><br> LORIE DAVIS-DIRECTOR TDCJ-CID, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:19-CV-124 |

## MEMORANDUM OPINION AND ORDER

State inmate Joshua Oneal White has filed a petition under 28 U.S.C. § 2254 (Dkt. 1), seeking a federal writ of habeas corpus to challenge two 2010 convictions from Brazoria County. He has also filed a motion for leave to proceed *in forma pauperis* (Dkt. 2), which the Court **GRANTS** based on the supporting documentation (Dkt. 3). After review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and having considered the applicable law and all matters of record, the Court will **DISMISS** the petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

**I.   BACKGROUND**

On July 22, 2010, White was sentenced to twelve years imprisonment for two aggravated robbery convictions in the 412th District Court for Brazoria County. *See State of Texas v. Joshua Oneal White*, Case Nos. 59937 & 59938, 412th District Court for Brazoria County (available at https://pubweb.brazoriacountytx.gov/PublicAccess/

default.aspx) (last visited April 25, 2019). White pleaded guilty to two counts of aggravated robbery in a criminal episode in Case No. 59937, and another count of aggravated robbery in Case No. 59938. On May 17, 2011, the Fourteenth Court of Appeals reformed White's convictions to delete the deadly weapon finding in each case and then affirmed both judgments as reformed. *White v. State*, Nos. 14-10-00829-CR & 14-10-00830-CR, 2011 WL 1990605 (Tex. App.–Hou. [14th Dist.], May 17, 2011, no pet.) White did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

White filed an application for state habeas relief from the conviction in Case No. 59937 (WR-75,713-02) and another habeas application from the conviction in Case No. 59938 (WR-75,713-03). *See Ex parte Joshua Oneal White*, WR-75,713-02 (available at http://search.txcourts.gov/Case.aspx?cn=WR-75,713-02&coa=coscca) (last visited April 25, 2019); *Ex parte Joshua Oneal White*, WR-75,713-03 (available at http://search.txcourts.gov/Case.aspx?cn=WR-75,713-03&coa=coscca) (last visited April 25, 2019). On September 28, 2011, the Texas Court of Criminal Appeals denied habeas relief without written order on both applications.

White then filed his federal petition challenging his conviction in both cases. In the petition, White claims that the state court used a "falsified document" to convict him because his indictment reflects a deadly weapon finding (Dkt. 1, at 6). His petition is undated, but the attached memorandum is dated February 20, 2019 (Dkt. 1-1, at 4). The petition was docketed with the Court on March 22, 2019.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

Because White filed this habeas petition after the April 24, 1996, effective date for the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), his federal habeas petition is subject to the AEDPA's one-year limitations period. The statute of limitations for federal habeas corpus review began to run on the date the state conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and, under Habeas Rule 4, may dismiss a petition prior to any answer if it "plainly appears" from the petition and its exhibits that the petitioner is not entitled to relief in the district court. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citing Habeas Rule 4, 28 U.S.C. foll. § 2254).

White's sentence was imposed on July 22, 2010, and his conviction was affirmed as reformed on May 17, 2011. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and the time for doing so expired thirty days after the appellate court judgment. *See* TEX. R. APP. P. 68.2(a). His conviction therefore was final on Thursday, June 16, 2011. The one-year statute of limitations under the AEDPA expired on June 16, 2012, which was a Saturday, and thus was extended to Monday, June 18, 2012. *See* 28 U.S.C. § 2244(d)(1)(A); FED. R. CIV. P. 6(a)(1). White's petition filed

with this Court on March 22, 2019, is nearly seven years late and time-barred unless a statutory or equitable exception applies.[1]

White's state habeas petitions in WR-75,713-02 and WR-75,713-03 were pending for less than two months and were denied on September 28, 2011. Statutory tolling under 28 U.S.C. § 2244(d)(2) therefore does not render White's federal petition timely.

White does not demonstrate the applicability of any other provisions in Section 2244(d) that might warrant a later accrual date. In his federal petition, in response to an inquiry about why his petition is not time-barred under 28 U.S.C. § 2244(d), White stated as follows:

> A court order to the Director of TDCJ order all 6 month print outs conducted by me at Smit[h] Unit in 2012 will show that I sent 2254 to this Court that was never answered.

(Dkt. 1, at 9). This assertion does not demonstrate a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or recent discovery of a factual predicate for his claims. *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). To the extent White's assertion could be construed as an argument for equitable tolling, he fails to make the required showing that he has been pursuing his rights diligently.[2] Assuming the accuracy of White's assertion that he

---

[1] The memorandum attached to Plaintiff's petition is dated approximately one month earlier, on February 20, 2019 (Dkt. 1-1, at 4). Even if the Court were to credit this date, it also would not render the petition timely.

[2] Equitable tolling is available in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). It requires a showing that a petitioner has been pursuing his rights diligently and that some "extraordinary circumstance" prevented timely filing of his

previously mailed a petition to this Court, he has had nearly seven years since the limitations period expired to bring the issue to the Court's attention and has failed to do so. The Court notes that, during that time period, White has filed numerous state and federal habeas applications regarding other unrelated convictions. *See, e.g.*, *White v. Thaler*, Civil Action No. 4:12-0195; *White v. Stephens*, Civil Action No. 4:13-3107; *White v. Stephens*, Civil Action No. 4:14-1818.

Finally, White does not assert actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a defendant who demonstrates "actual innocence" of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review).

Accordingly, the petition must be dismissed as untimely filed.

### III. **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district

---

habeas petition. *See Holland v. Florida*, 560 U.S. 631 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **GRANTED.**

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED with prejudice** as time-barred.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 30th day of April, 2019.

George C. Hanks Jr.
United States District Judge